Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| EDWIN CONCEPCIÓN TORRES, IVETTE RODRÍGUEZ MELÉNDEZ, LUZ M. FIGUEROA MORALES, NANCY BATROLOMEY LÓPÉZ, LISANDRA RIVERA SANTANA, MARÍA POMALES SÁNCHEZ<br><br>Apelantes<br><br>v.<br><br>GVS PUERTO RICO LLC, COMPANY<br><br>Apelado | TA2025AP00019 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: FA2024CV00069 (301)<br><br>Sobre: Procedimiento Sumario (Ley 2 de 1961); Despido Injustificado (Ley 80 de 1976); Ley de Transformación y Flexibilidad Laboral (Ley 4 de 2017); Daños y Discrimen (Ley 100 de 1959) |
| --- | --- | --- |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Álvarez Esnard y la jueza Prats Palerm.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de junio de 2025.

Comparece ante nos Edwin Concepción Torres, Ivette Rodríguez Meléndez, Luz M. Figueroa Morales, Nancy Batrolomey López, Lisandra Rivera Santana y María Pomales Sánchez (en conjunto, "los Apelantes") mediante *Apelación* presentada el 18 de junio de 2025. Nos solicita la revocación de la *Sentencia Parcial* emitida el 12 de mayo de 2025, notificada el 19 de mayo del mismo año por el Tribunal de Primera Instancia, Sala Superior de Fajardo ("foro primario" o "foro *a quo*"). Por virtud del aludido dictamen, el foro primario declaró *Ha Lugar* la *Moción de Sentencia Sumaria* instada por GVS Puerto Rico LLC, Company ("GVS" o "Apelada") y,

en consecuencia, desestimó con perjuicio la reclamación interpuesta por los Apelantes.

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso de epígrafe por falta de jurisdicción.

## I.

El 22 de enero de 2024, los Apelantes instaron *Querella* sobre despido injustificado al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, conocida como *Ley Sobre Despidos Injustificados*, 29 LPRA sec. 185a *et seq.*, en el caso FA2024CV00069.[1] Asimismo, la aludida *Querella* se acogió al procedimiento establecido en la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 de 17 de octubre de 1961, según enmendada ("Ley Núm. 2"), 32 LPRA sec. 3118 *et seq.* Mediante esta, los Apelantes argumentaron que eran empleados de GVS, y se desempeñaron en varias posiciones en la empresa. Adujeron que, Edwin Concepción Torres, Luz M. Figueroa Morales, María Pomales Sánchez y Nancy Batrolomey López fueron despedidos el 31 de enero de 2023. Por otro lado, esbozaron que Ivette Rodríguez Meléndez y Lisandra Rivera Santana fueron despedidas el 1 de febrero de 2023. Asimismo, esgrimieron que, al momento de sus respectivos despidos, los Apelantes eran los empleados de mayor antigüedad en las clasificaciones ocupacionales de las diferentes plazas que ocupaban. Sostuvieron que, no empece lo anterior, GVS los cesanteó y retuvo a otros empleados para ocupar las plazas que los Apelantes ostentaban, a pesar de que estos eran de menor antigüedad. Adujeron que la Apelada continuó operando luego del despido de los Apelantes y que continuó reclutando

---

[1] Véase, Apéndice SUMAC TA, Entrada 1.

empleados jóvenes para las plazas previamente ocupadas por estos empleados cesanteados.

Por todo lo anterior, cada uno de los Apelantes solicitó una indemnización de ochenta mil dólares ($80,000.00) por daños económicos, salarios dejados de devengar, así como aquellos salarios por devengarse A su vez, cada uno de los Apelantes solicitó una indemnización de cien mil dólares ($100,000.00) por concepto de sufrimientos y angustias mentales, más el pago de la mesada, la reinstalación en sus respectivas posiciones y el pago de todos los gastos, costas, y honorarios de abogado.

Por su parte, el 26 de febrero de 2024, GVS presentó *Contestación a Querella*.[2] Mediante esta, negó ciertas alegaciones y levantó sus correspondientes defensas afirmativas. Posteriormente, el 11 de marzo de 2024, la Apelada presentó *Moción Informativa Sobre Solicitud de Consolidación de Casos*.[3] Mediante este escrito, sostuvo que la causa de acción de los Apelantes tenía alegaciones y controversias idénticas al caso de *Brenda Liz Rosa y otros v. GVS Puerto Rico LLC*, caso número FA2023CV00743, por lo cual, solicitó en el referido caso que se consolidaran ambos pleitos. Así pues, el 13 de marzo de 2024, el foro primario emitió *Orden de Consolidación* y, consecuentemente consolidó los casos FA2023CV00743 y el FA2024CV00069.[4]

Tras varios asuntos procesales, el 2 de diciembre de 2024, GVS presentó *Moción de Sentencia Sumaria con Relación al Caso Edwin Concepción y Otros V. GVS Puerto Rico LLC, FA2024CV00069*.[5] En esencia, solicitó que se dictara sentencia por

---

[2] Véase, Apéndice SUMAC TA, Entrada 9.
[3] Véase, Apéndice SUMAC TA, Entrada 18.
[4] Véase, Apéndice SUMAC TPI, Caso FA2024CV00069, Entrada 19.
[5] Véase, Apéndice SUMAC TPI, Caso FA2023CV00743, Entrada 70.

la vía sumaria y desestimara con perjuicio la totalidad de reclamación instada por los Apelantes, pues las aludidas cesantías se debieron a una reorganización empresarial legítima y necesaria para enfrentar dificultades económicas. Por su parte, el 15 de enero de 2025, los Apelantes radicaron *Oposición a Moción de Sentencia Sumaria con Relación al Caso Edwin Concepción y Otros V. GVS Puerto Rico LLC, FA2024CV00069.*[6] En esta, sostuvieron que existían varios hechos materiales en controversia, los cuales impedían la resolución sumaria del presente pleito.

Tras evaluar los escritos ante su consideración, el 12 de mayo de 2025, notificada **el 19 de mayo del mismo año**, el foro *a quo* emitió *Sentencia* en la cual declaró *Ha Lugar* la moción de sentencia sumaria instada por GVS y, por ende, desestimó con perjuicio la querella interpuesta por los Apelantes.[7]

Inconforme, el 18 de junio de 2025, los Apelante presentaron el recurso de epígrafe y formularon los siguientes señalamientos de error:

> Erró el Tribunal al concluir que no existía controversia sustancial sobre la existencia de prueba sobre una reducción en producción, ventas o ganancias.

> Erró el Tribunal al resolver mediante sentencia sumaria sin atender una solicitud de orden para producir lo solicitado dirigido a la parte querellada y haber atendido por separado una moción in limine para excluir los estados financieros.

> Erró el Tribunal al adjudicar credibilidad a los estados financieros de la parte querellada pese a su impugnación fundamentada y a la falta de prueba corroborativa sobre una supuesta "responsabilidad descubierta".

> Error el TPI al obviar el debido proceso de los querellantes al negarles acceso completo a la plataforma judicial SUMAC durante el trámite del caso, en particular durante la etapa de descubrimiento de prueba.

---

[6] Véase, Apéndice SUMAC TA, Entrada 29.
[7] Véase, Apéndice SUMAC TA, Entrada 39.

Por su parte, el 23 de junio de 2025, GVS presentó *Moción de Desestimación* en la cual esbozó que esta Curia no ostentaba jurisdicción para atender el presente caso. Examinado el recurso, al amparo de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), prescindimos de los términos, escritos o procedimientos adicionales "con el propósito de lograr su más justo y eficiente despacho".

## II.
### *A. Jurisdicción*

Como cuestión de umbral, antes de considerar los méritos de un recurso, a este Tribunal le corresponde determinar si posee jurisdicción para atender el recurso ante su consideración pues "[l]os asuntos relacionados con la jurisdicción de un tribunal son privilegiados y deben atenderse con preeminencia" *Pérez Rodriguez v. López Rodriguez et al.* 210 DPR 163, 178, (2022). "[L]a jurisdicción se refiere al poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.". *Municipio de Río Grande v. Adquisición de Finca 27.661*, 215 DPR__ (2025) 2025 TSPR 36, pág. 10 citando a *Pérez Soto v. Cantera Pérez, Inc., et al.*, 188 DPR 98, 105 (2013). "Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial *no* tiene discreción para asumir jurisdicción allí donde no la hay". *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020). Esto nos impone el deber de examinar la jurisdicción antes de expresarnos.

Cuando los tribunales carecen de jurisdicción deberán así declararlo y desestimar el recurso. *Íd.,* pág. 102.

Sobre ello, nuestra máxima Curia ha expresado lo siguiente:

> Reiteradamente hemos expresado que la ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Íd.,* págs. 101-102. (Comillas y citas omitidas).

Como corolario de ello, la Regla 83(C) del Tribunal de Apelaciones, *supra,* nos faculta, a iniciativa propia, a desestimar un recurso por falta de jurisdicción. Una apelación o un recurso prematuro, al igual que uno tardío, "sencillamente adolece del **grave e insubsanable** defecto de privar de jurisdicción al tribunal al cual se recurre". *Consejo Titulares v. MAPFRE,* 215 DPR__ (2024) 2024 TSPR 140, pág. 18 citando a *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366 (2001).

### B. Ley de Procedimiento Sumario de Reclamaciones Laborales

La *Ley de Procedimiento Sumario de Reclamaciones Laborales,* Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118 *et seq.* ("Ley Núm. 2") "provee un procedimiento sumario para la tramitación y adjudicación de pleitos laborales". *Patiño Chirino v. Parador Villa Antonio,* 196 DPR 439, 446 (2016). Con su adopción, el legislador pretendió brindarle a los obreros y empleados un mecanismo procesal judicial capaz de lograr la rápida consideración y adjudicación de las querellas que éstos presenten contra sus patronos. La naturaleza de este tipo de reclamación exige celeridad en su tramitación, pues de esta forma se adelanta la política pública de proteger al obrero y desalentar el despido

injustificado. Véase, *Díaz Santiago v. PUCPR et al.*, 207 DPR 339 (2021).

Debido a la celeridad con la que deben encausarse los casos tramitados al amparo de esta Ley, "el legislador acortó los términos y condiciones que ordinariamente regulan y uniforman la litigación civil en nuestra jurisdicción." *Collazo Muñiz v. New Fashion World Corporation h/n/c Aliss y otros*, 2025 TSPR 22 (2025), 215 DPR ___, pág. 6. Cónsono con ello, la propia Ley dictamina que los casos tramitados con arreglo a dicho estatuto "se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones de las mismas o con el carácter sumario del procedimiento establecido por [dicha] [L]ey" 32 LPRA sec. 3120. Véase, además, *Díaz Santiago v. PUCPR et al.*, *supra.*

Cuando se entabla una reclamación bajo el procedimiento sumario y se notifica a la parte querellada mediante copia de la querella, la Sección 3 de la Ley Núm. 2, *supra*, establece que el querellado presentará la contestación por escrito dentro de los diez (10) días siguientes a la notificación de la querella, si ésta se hiciere en el distrito judicial donde se promueve la acción, y en los quince (15) días en los demás casos. 32 LPRA sec. 3120; Véase, además, *León Torres v. Rivera Lebrón*, 204 DPR 20, 31 (2020). De esta normativa surge el deber inequívoco del tribunal de darle un cumplimiento cabal al procedimiento dispuesto en la Ley Núm. 2, *supra*, pues el tribunal carece de jurisdicción para extender el término para contestar una querella. *Íd.* "[U]nicamente se considerarán solicitudes del querellado para extender el término para contestar la querella si se consigna bajo juramento causa justificada para ello". "En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga". *Íd.*

Por su parte, la Sección 4 de la Ley Núm. 2, *supra* establece que, si el querellado no radicara su contestación a la querella en la

forma y en el término dispuesto, el juez dictará sentencia contra el querellado, a instancias del querellante, concediendo el remedio solicitado. La sentencia a esos efectos será final y de la misma no podrá apelarse. 32 LPRA sec. 3121. La consecuencia de que el querellado no conteste dentro del término prescrito sin acogerse a la prórroga, o cuando del expediente no surjan las causas que justifiquen la dilación, es la anotación de la rebeldía y la concesión del remedio solicitado sin más citarle ni oírle. *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921, 935 (2008).

Ahora bien, en cuanto al término que dispone la parte que se considere perjudicada de un dictamen en una reclamación bajo el procedimiento sumario, la Sección 9 de la Ley Núm. 2 dispone que "podrá interponer recurso de apelación ante el Tribunal de Apelaciones, **en el término jurisdiccional de diez (10) días, computados a partir de la notificación de la sentencia del Tribunal de Primera Instancia** (Énfasis nuestro)". 32 LPRA sec. 3127.

### III.

Previo a entrar en los méritos de la controversia ante nuestra consideración, esta Curia tiene el deber ineludible de auscultar si ostenta jurisdicción sobre el caso. Efectuado tal ejercicio, notamos que este foro carece de jurisdicción para atender el presente pleito. Por tal razón, no tenemos otra alternativa que desestimarlo.

Conforme obra en el expediente, los Apelantes se acogieron al procedimiento sumario provisto en la Ley Núm. 2.[8] Ello tuvo la consecuencia de que el término para acudir a esta Curia mediante un recurso de apelación es de **diez (10) días**

---

[8] Véase, Apéndice SUMAC TA, Entrada 1. Véase, además, el escrito de Apelación, en la pág. 3, en el cual los Apelantes expresan **"[s]e acogió al procedimiento sumaria [sic] establecido por la Ley Núm. 2 del 1961"**.

**jurisdiccionales** computados a partir de la notificación de la sentencia apelada. En el caso de marras, la *Sentencia* dictada por el foro primario, de la cual los Apelantes recurren, se notificó el **19 de mayo de 2025**, por lo que éstos tenían hasta el **29 de mayo de 2025** para instar el presente recurso. No obstante, los Apelantes presentaron la presente *Apelación* el **18 junio de 2025**, es decir, veinte (20) días tarde. Por consiguiente, es forzoso concluir que esta Curia carece de jurisdicción para atender el recurso instado por los Apelantes toda vez a que el mismo es tardío.

**IV.**

Por los fundamentos expuestos, **desestimamos** el recurso presentado por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones